**OLYMPO TRANSPORT COMPANY OF PUERTO RICO, INC. et al.,**
Plaintiffs, Appellants,

v.

**CERTAIN INSURANCE COMPANIES AT THE INSTITUTE OF LONDON UNDERWRITERS, et al., Defendants, Appellees.**

No. 96–1280.

United States Court of Appeals, First Circuit.

Heard Nov. 8, 1996.

Decided Dec. 30, 1996.

Paul E. Calvesbert, with whom Jose E. Alfaro–Delgado and Calvesbert, Alfaro & Lopez–Conway were on brief, San Juan, PR, for appellants.

Edward M. Cuddy, III, with whom James W. Carbin, Christopher B. Turcotte, and Kroll & Tract were on brief, New York City, for appellees.

* Of the District of New Hampshire, sitting by

Before COFFIN and CAMPBELL, Senior Circuit Judges, and DiCLERICO,* Chief Judge.

LEVIN H. CAMPBELL, Senior Circuit Judge.

Plaintiffs are two non-vessel operating common carriers and an insurance carrier who have sued in the district court to recover insurance on account of damages allegedly suffered from the loss overboard of several cargo containers that were being carried by barge from Jacksonville, Florida, to San Juan, Puerto Rico. The barge and tug were operated by Ocean Line of North Florida, Inc. ("Ocean Line"), a now defunct shipping company. The principal defendants, from whom plaintiffs seek recovery, are the issuers of an open marine cargo insurance policy for Ocean Line. The case was tried in the United States District Court for the District of Puerto Rico. The court entered judgment for the defendant insurers and plaintiffs have appealed.

We affirm the judgment below. We are satisfied that the findings of the district court, as set forth in its Opinion and Order, are not clearly erroneous, and that its conclusions and legal analysis therein are materially correct. This being so we see no need to go over in detail the same ground comprehensively covered in the district court's own opinion. Instead, we limit ourselves to a brief discussion of the controlling issues.

In their direct action on the policy, plaintiffs have sought to establish that—notwithstanding the absence of affirmative requests from shippers that their goods be insured—the policy's coverage was "automatically" available to all shippers. In support of this proposition, plaintiffs offered evidence at trial of a "custom and usage" in the Puerto Rico–United States trade for ocean carriers to provide insurance automatically up to certain limits, without a shipper having to affirmatively request coverage at the time of entrusting his goods to the carrier. Defendants, however, sharply disputed this contention, and the district court found, on the

designation.

conflicting proofs, that there was no such custom and usage. We see no clear error in that finding. The court also expressed doubts as to whether custom and usage evidence, such as it was, could override Ocean Line's announced policies on the matter.

Plaintiffs argue that, apart from custom and usage, coverage is manifest from the language of the policy itself. They disparage as immaterial Ocean Line's published tariffs and its bills of lading, which contained specific language requiring shippers to first request insurance if they wished to obtain it. Instead, plaintiffs urge us to rely exclusively on the insurance policy itself. But, like the district court, we find little support in the policy language for plaintiffs' position. The definition of assured in the insurance policy includes Ocean Line and associated companies, "and/or for whom they received instructions to insure." Express shipper's instructions to insure are lacking here,[1] and we see no reliable basis from which to infer that such instructions were given. The tariffs and bills of lading specifically call for shippers to provide explicit instructions if they wish insurance. It is true that one section of the tariffs indicates that "the rates in this tariff include insurance," and the parties seem to agree that a shipper would have been entitled to free insurance (i.e. with Ocean Line to pay the premium), but disagree whether the free insurance was "automatic" or had first to be requested, and the cargo value stated, as the tariffs and bills of lading provide. Nothing in the policy itself states that all shipments are to be automatically insured; to the contrary, the policy definition of assureds suggests quite the opposite, as does the evidence of Ocean Line's own practices and methods for paying premiums prior to the loss. As we say, we find no indication of clear error in the district court's findings and factual conclusions, which appear well-supported on this record. We can

only agree with the court that plaintiffs have failed to establish that the cargo, for the loss of which they are claiming, was in fact insured under the policy in question.[2]

As noted in Note 1, there was a dispute at the trial concerning the weight to be given to certain pro forma bills of lading submitted as evidence very late in the day by Transcaribe. Transcaribe argued that these indicated that coverage had, in fact, been requested, although the documentary evidence was far from being clear or uniform in this respect. The district court's disposition of this issue is explained in its Opinion and Order. The district court's evaluation and handling of this evidence was not clearly erroneous and was within its reasonable discretion in the circumstances of this case.

*Affirmed.*

---

1. Transcaribe tendered pro forma bills of lading late in the district court proceedings which it says manifested the shipper's requests for insurance. The district court, expressing doubts as to these documents' authenticity and credibility, found this late-filed evidence was insufficient to establish that proper requests were made. *Infra.*

2. The plaintiffs call our attention to several translated Puerto Rico cases and to one Second Circuit case, *Estee Lauder International, Inc. v. World Wide Marine Service, Inc.,* 923 F.2d 238 (2d Cir.1991). We agree with the defendant insurers that these cases are either irrelevant to the contested issues in this case or are readily distinguishable and thus are not dispositive.